O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD RANDALL FLETES,<br><br>　　　　　Defendant. | Case No.: 2:23-cr-00556-MEMF<br><br>**ORDER REGARDING PARTIES' MOTIONS *IN LIMINE* [ECF NOS. 26, 27, 28, 29]** |

　　　　Before the Court are two (2) motions *in limine* filed by the United States of America (ECF Nos. 26, 27), and two (2) motions *in limine* filed by Defendant Richard Randall Fletes (ECF Nos. 28, 29). For the reasons stated herein, the Court rules on the motions as described below.

**I.　Background**

　　**A.　Factual Background**

　　　　On November 15, 2023, a five-count indictment was filed against Richard Randall Fletes ("Fletes"), which charged him with: (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (3) possession with intent to distribute methamphetamine and cocaine near a school in violation of 21 U.S.C. § 860(a); (4) carrying a firearm during and in relation to, and possessing a firearm in furtherance of, drug trafficking crimes

in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (5) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The Indictment alleges that Fletes was found in possession of a loaded firearm, cocaine, and methamphetamine when he was arrested by Los Angeles Police Department ("LAPD") officers on patrol on August 15, 2023.

### B. Procedural History

On August 29, 2023, the United States of America (the "Government") filed a complaint against Fletes, alleging a violation of Title 18, U.S.C. § 922(g)(1) (felon in possession of a firearm) *See generally* ECF No. 1 ("Complaint"). On November 15, 2023, a grand jury charged Fletes in a five-count indictment alleging violations of federal law related to drug and firearm possession. *See generally* ECF No. 4 ("Indictment").

On October 4, 2024, the Government filed two (2) motions *in limine*. ECF Nos. 26, 27. Oppositions to those motions were filed on October 14, 2024. ECF Nos. 31, 33. On October 4, 2024, Fletes filed two (2) motions *in limine*. ECF Nos. 28, 29. The Government filed an opposition to Fletes's first motion (ECF No. 28) on October 14, 2024. ECF No. 34. On October 20, 2024, Fletes supplemented his second motion. ECF No. 44. On October 23, 2024, the Government filed its opposition to Fletes's second motion. ECF No. 49.

The Court held a hearing on the motions *in limine* at the Final Pretrial Conference on October 25, 2024.

## II.     Applicable Law

### A. Motions *in limine*

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of a court's initial decision on a motion *in limine*, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing

unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

### B. Federal Rule of Evidence 401, 403, and 404

Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* 401(a)–(b); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Deciding whether a fact is of consequence in determining the action generally requires considering the substantive issues the case presents." (internal quotation marks omitted)). Courts have recognized that Rule 401's "basic standard of relevance . . . is a liberal one." *Crawford*, 944 F.3d at 1077.

Federal Rule of Evidence 403 dictates that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion in assessing admissibility under Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 US 379, 384 (2008) (finding "wide discretion" necessary because Rule 403 "requires an on-the-spot balancing of probative value and prejudice, potentially to exclude . . . evidence that already has been found to be factually relevant") (internal quotes omitted); *see also Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2021), cert. denied, 142 S. Ct. 2834 (2022) ("A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.").

Federal Rule of Evidence 404 states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Further, evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be used for

other purposes, including to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

### C. Federal Rule of Evidence 609

Federal Rule of Evidence 609 governs the admissibility of evidence of a criminal conviction to impeach a witness's "character for truthfulness." Rule 609(a)(1) requires admission of evidence "of a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year," subject to the Rule 403 balancing inquiry. Fed. R. Evid. 609(a)(1). Rule 609(a)(2) requires admission of evidence of "any crime regardless of the punishment . . . if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." *Id.* 609(a)(2).

### D. Federal Rule of Evidence 702, 703, & 704

The personal knowledge requirement for lay witnesses does not apply to expert testimony. Fed. R. Evid. 602. Federal Rule of Evidence 702 allows a witness to testify as an expert "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." *United States v. Alonso*, 48 F.3d 1536, 1540 (9th Cir. 1995) (quoting Fed. R. Evid. 702). While Courts may reject wholly speculative or unfounded testimony, it abuses its discretion if it overlooks relevant data submitted as the foundation of an expert's remarks." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022). Experts may express opinions without published support if they provide an explanation of why such publications are unavailable. *Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010). This concern regarding speculation speaks to weight, not reliability. *Elosu*, 26 F.4th at 1025.

"An expert may base his opinion at trial on inadmissible facts and data of a type reasonably relied upon by experts in the field." *United States v. Gonzales*, 307 F.3d 906, 910 (9th Cir. 2002) (citing Fed. R. Evid. 703). However, "[i]f the facts… would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. When inadmissible evidence is used by an expert under Federal Rule of Evidence 703, it is "necessary for the court to instruct the jury that the [otherwise inadmissible] evidence is to be considered solely as a

basis for the expert opinion and not as substantive evidence." *United States v. 0.59 Acres of Land*, 109 F.3d 1493, 1496 (9th Cir. 1997) (citation omitted).

It is well-established, however, that expert testimony concerning an ultimate issue is not per se improper. *See, e.g., Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 529 (9th Cir. 1986). Indeed, Federal Rule of Evidence 704(a) provides that expert testimony that is "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The Ninth Circuit has held that "[a] witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (internal quotations omitted). However, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. *See, e.g., McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999).

Thus, an expert may offer testimony on matters that touch on legal issues or unavoidably use legal terminology but must stop short of offering legal opinions and conclusions. *See Morgan v. City of Los Angeles*, 2:17-cv-06693-VAP-JEMx, 2020 WL 6048831, at *3 (C.D. Cal. June 23, 2020).

### E. Federal Rule of Criminal Procedure 16

Federal Rule of Criminal Procedure 16 requires that the government disclose, in writing, information required for any expert testimony that the government intends to use at trial. Fed. R. Crim. Pro. 16(a)(1)(G)(i).

## III. Discussion

The Government moves to (1) include at trial other acts of Fletes unlawfully possessing a firearm and ammunition (ECF No. 26); and (2) exclude certain arguments at trial (ECF No. 27). Fletes moves to exclude at trial (1) gang evidence and testimony (ECF No. 28); and (2) the Government's expert on drug quantities and sales (ECF No. 29).

/ / /

/ / /

/ / /

### A. Evidence of other acts of unlawful possession of firearms and ammunition shall not be permitted (Government's Motion *in limine* No. 1, ECF No. 26).

The Government requests that evidence regarding Fletes's prior gun possessions be permitted at trial and conviction records. ECF No. 26 at 5.[1] Under Federal Rule of Evidence 404(b), evidence of other acts may be used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Government argues that these other acts are relevant in support of defendant's knowledge, absence of mistake, intent, motive, modus operandi, and opportunity with respect to the charged offenses. ECF No. 26 at 6. Additionally, the Government argues that the prior firearm and ammunition convictions are separately admissible under Rule 609 because: (1) the convictions were punishable by a term of imprisonment exceeding one year; (2) the convictions are less than 10 years old; and (3) the probative value of the convictions outweighs any prejudice because they have significant impeachment value, the events are not too remote in time, and Fletes's credibility may be a central factor in the jury's determination of guilt if he testifies. *Id.* at 13–14.

Fletes argues that the evidence of prior convictions are inadmissible because: (1) the Government is relying on propensity-based inferences; (2) the prior acts are too generic and fail to meet the criteria for distinct modus operandi; (3) the prior acts are dissimilar to the 2023 arrest and they are too remote in time to have probative value; and (4) Rule 403 requires exclusion of these acts because they pose a high risk of unfair prejudice and their inclusion would cause undue delay and confusion. ECF No. 33 at 8–16. Additionally, Fletes argues that the prior firearm and ammunition convictions are inadmissible under Rule 609 because (1) the firearm offenses bear no impeachment value; (2) the age of the convictions diminishes any impeachment value; (3) the similarity of the offenses here and the prior offenses presents a risk of Fletes being convicted based on propensity evidence; (4) if Fletes testifies, his testimony is paramount; and (5) if he testifies, Fletes's credibility will be a central issue and the evidence would impeach him by propensity. *Id.* at 16–23.

The Court DENIES the Motion, excluding this evidence under Rule 404 and Rule 609, primarily for the reasons stated by Fletes: the prior convictions are not relevant to any issue in this

---

[1] The cites herein refer to the ECF page numbering.

case, they are remote in time, and any limited probative value is far outweighed by the danger of unfair prejudice and the Court finds that an instruction will not be sufficient to guard against this danger. This is without prejudice to the Government renewing the Motion if Fletes attempts to show that he was a law-abiding citizen, that he did not know that he was not permitted to possess a firearm, or that he did not know what a firearm looks or feels like.

### B. Arguments raised at trial regarding issues of biased policing, racial profiling, and LAPD officer impropriety shall not be permitted (Government's Motion *in limine* No. 2, ECF No. 27).

The Government requests that arguments about race or the officers' subjective motivations are irrelevant, unduly prejudicial, and have no probative value. ECF No. 27 at 3–5. The Government notes that the arguments would allow Fletes to present irrelevant matters to the jury and create a jury nullification defense. *Id.* at 5-6.

Fletes states that he has no intention of arguing for jury nullification or admitting irrelevant evidence about the race of Fletes or the LAPD officers. ECF 31 at 2. Fletes notes that should he introduce evidence of the topics in the Government's motion, it will be because they are relevant to his defense and/or to impeaching a witness. *Id.* Fletes concedes that the Court can grant the motion or deny it as moot. *Id.*

The Court GRANTS the Motion in light of Fletes's position.

### C. Evidence concerning other gang-related evidence is excluded (Fletes's Motion *in limine* No. 1, ECF No. 28).

Fletes requests the exclusion of testimony and evidence that (1) the officers were members of the GED; (2) they were policing the area because of its ties to Dogtown gang crimes or activities; and (3) the Housing development is a "stronghold" or territory for the Dogtown gang. ECF. No. 28 at 3. Fletes argues that the evidence is irrelevant to the charges because Fletes is not charged with any gang-related offense and testimony about why the police were at the Housing Development do not implicate Fletes's intent or any other element of the offenses here. *Id.* at 4-6.

The Government states that it does not intend to introduce any evidence regarding Fletes's gang membership or suspected gang membership. ECF No. 34 at 5. The Government argues that the evidence is necessary for the jury to understand the impressions, actions, and interpretations officers

1 had during their patrol and subsequent stop of the defendant. *Id.* Additionally, the Government
2 argues that evidence of the increased presence of the Dogtown Gang in the Housing Development
3 will help explain why officers were patrolling and its value is not substantially outweighed by any
4 unfair prejudice. *Id.* at 7–8.

5 　　　　The Court GRANTS the Motion. In its Motion *in Limine* No. 2, the Government argues that
6 "arguments or questioning about the lawfulness of the officers' stop of the defendant, [and] the
7 subjective motivations of patrolling law enforcement officers . . . should be excluded as irrelevant
8 and prejudicial." ECF No. 27 at 4. According to the Government, such evidence is also
9 impermissible as a "back door" to a jury nullification defense. ECF No. 27 at 6. Yet this is virtually
10 indistinguishable from the sort of evidence that the Government argues in response to Fletes's
11 Motion *is* permissible. According to the Government, the evidence in question "is necessary for the
12 jury to help understand the impressions, actions, and interpretation officers had during their patrol
13 and subsequent stop of defendant," ECF No. 34 at 5; "helps the jury to understand the relationship
14 between the defendant's flight and the officer's response," ECF No. 34 at 6; and "helps explain why
15 officers were patrolling, why officers engaged in a stop of defendant, and why they were in the
16 housing development in the first place." ECF No. 34 at 8.

17 　　　　Just as there is no need for Fletes to delve into the subjective reasons for the stop, there is no
18 need for the Government to delve into the reasons why the officers were patrolling the housing
19 project. And just as it is irrelevant and prejudicial for Fletes to present evidence of biased policing, it
20 is irrelevant and prejudicial for the Government to present evidence of justified policing. Finally, the
21 Court finds that any probative value of this evidence is further limited by the fact that the gang
22 evidence is not probative as to why the police thought Fletes's actions were out of the ordinary and
23 why they gave chase when Fletes ran. Fourth Amendment jurisprudence is littered with cases
24 involving just this factual scenario—police giving chase when an individual flees; there is nothing
25 gang-specific about that set of facts and knowing about gang activity in this housing project will not
26 assist the jury in deciding any material issue in this case.

As discussed at the hearing, the Government will be permitted to elicit testimony from the officers that they were patrolling the area as part of their duties as LAPD officers and that they were patrolling the area for potential incidents of crime and responding to incidents as appropriate.

### D. Expert testimony of the Government's expert regarding drug sales shall be limited (Fletes's Motion *in limine* No. 2, ECF No. 44).

Fletes requests to exclude the testimony of the Government's expert witness on drug sales because the witness lacks expertise and his opinions appear to be premised on unreliable methodology. ECF No. 44 at 6. Specifically, Fletes notes that the expert has never been qualified as an expert, has not testified in the last four years, and has not published work in this area. *Id.* at 17. Fletes also argues that the government failed to provide sufficient notice of the expert's testimony ss required by Rule 16 of the Federal Rules of Criminal Procedure. *Id.* at 7. Additionally, Fletes argues that all the opinions violate Rule 703 and Fletes's Sixth Amendment right to confront witnesses against him. *Id.* at 6. Lastly, Fletes argues that the expert's testimony is an impermissible ultimate opinion on Fletes's mental state under Rule 704(b), given that the witness will testify that Fletes's behavior is "indicative" of a "distributor of drugs." *Id.* at 19.

The Government argues that the expert's testimony is relevant to the essential elements that the Government must prove in its case, especially as related to Fletes's intent to distribute the drugs at issue. ECF No. 49 at 6. The Government also asserts that the expert's testimony is reliable, as it is based on his training and extensive experience in drug trafficking crimes, and more probative than prejudicial. *Id.* at 8, 11. As to the Rule 16 notice, the Government states that it has provided a complete statement of each topic the expert will opine on, and has also provided a supplemental disclosure. *Id.* at 12. Finally, the Government argues that the expert's testimony satisfies the requirement of 703 and will not concern Fletes's mental state. *Id.* at 12–13.

The Court finds that the Rule 16 notice[2] is sufficient as it does state both the specific opinions and the bases and reasons for them. The Court finds that the expert's opinion meets the relevant standard for reliability. Fletes has not identified what is not reliable about the proposed

---

[2] The Court's analysis is based upon the supplemental notice found at ECF No. 49-1.

1  testimony: the officer intends to testify about what he has learned about the patterns and practices of
2  drug distributors based upon his training and his experience with investigations. The fact that he has
3  not previously been qualified as an expert or testified as an expert, nor published work in this area, is
4  not disqualifying, and is likely common for this type of law enforcement witness. Fletes's objection
5  appears to go to the weight of the expert testimony and not its admissibility. Fletes can flesh out any
6  concerns regarding reliability via cross-examination; the Court will not exclude his opinions on this
7  basis.

8       Fletes also argues that a jury does not need an expert to understand the evidence, ECF No. 44
9  at 11, but does not appear to dispute that the lay jury does not have any experience with drug
10 trafficking and therefore is unaware as to whether baggies and firearms are consistent with drug
11 trafficking and how. The Government is permitted to present reliable expert testimony on these
12 topics.

13      The expert may not, however, invade the province of the jury with respect to the mental state
14 of Fletes or the element of intent that the Government must prove. Accordingly, although the expert
15 will be permitted to testify that "Common indicators of drug distribution include the quantity of
16 drugs, the type and size of packaging materials, and the number of packages" (Opinion No. 6), he
17 will not be permitted to testify that these are "indicative of *[this] defendant's* role as a distributor of
18 drugs." (emphasis added). Similarly, although the expert will be permitted to testify that drugs
19 distributed in uniform amounts across individual packages is indicative of drug trafficking, not
20 personal use, and what the typical dose for a drug user is, he will not be permitted to testify that
21 *Fletes's* possession is indicative of drug trafficking. In short, the expert will not be permitted to
22 testify that Fletes had the intent to distribute as that is a question for the jury. The Motion is therefore
23 GRANTED IN PART with respect to those aspects of Opinions 6 and 7.

24      Finally, with respect to Opinions 1 and 3—to which Fletes has offered to stipulate—
25 governing case law suggests the Government is not required to accept a stipulation as to an element
26 of the offense, but the Court must consider a proposed stipulation as a possibly less prejudicial form
27 of evidence when determining whether other evidence as to the same element is admissible. *See*
28 *United States v. Merino-Balderrama*, 146 F.3d 758, 762 n.4 (9th Cir. 1998) (citing *Old Chief v.*

*United States*, 519 U.S. 172, 186 (1997)). But here, Fletes has not identified any prejudice from the proposed opinion testimony. The simple fact that it is not strictly necessary does not mean it is not permissible under Rules 702 or 403. The Government is entitled, subject to Rule 403, to present its evidence in the most effective way possible, and it may prefer live testimony on these topics to stipulated facts read by the Court. The Motion is therefore DENIED as to those opinions.

The Motion is DENIED with respect to all of the other opinions for the reasons stated above.

As discussed at the hearing, the Government is ORDERED to disclose to Fletes pursuant to Rule 16 additional detail regarding the expert's experience in investigations of street-level drug trafficking. The Government is precluded from eliciting testimony about large drug trafficking operations. To the extent that the Government intends to elicit any other opinions not previously disclosed (including opinions about the operations of street-level drug traffickers), it must timely meet and confer with Fletes and make a further Rule 16 disclosure and Fletes will be permitted to present any objections to the Court.

### IV.   Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Government's Motion *in limine* No. 1, ECF No. 26, is DENIED;
2. The Government's Motion *in limine* No. 2, ECF No. 27, is GRANTED;
3. Fletes's Motion *in limine* No. 1, ECF No. 28, is GRANTED;
4. Fletes's Motion *in limine* No. 2, ECF No. 44, is GRANTED IN PART with respect to Opinions 6 and 7;
5. The Government is ORDERED to supplement its Rule 16 disclosure with respect to the expert's experience as outlined above.

IT IS SO ORDERED.

Dated: October 28, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge